**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**CLIFFORD EATON,**                                                              **PLAINTIFF**
**Reg #12878-04**

**V.**                                      **NO. 2:14CV116-KGB-BD**

**UNITED STATES OF AMERICA**                                      **DEFENDANT**

## RECOMMENDED DISPOSITION

### I.    Procedures for Filing Objections:

This Recommended Disposition ("Recommendation") has been sent to United

States District Judge Kristine G. Baker.  Any party may file written objections to this

Recommendation within fourteen (14) days.  Objections must be specific and must

include the factual or legal basis for the objection.  An objection to a factual finding must

identify the finding of fact believed to be wrong and describe the evidence that supports

that belief.

If no objections are filed, Judge Baker can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

### II.   Introduction:

Plaintiff, Clifford Eaton, a Bureau of Prisons ("BOP") inmate formerly assigned to

the Federal Correctional Institution - Forrest City Medium ("FCI-FC"), filed this case *pro*

*se* under the Federal Tort Claims Act.  Mr. Eaton claims employees of FCI-FC's health

services department were negligent in providing him dental treatment while he was

housed at the FCC-FC.  (Docket entry #2)  He alleges that, during the delay in treatment, he continuously suffered significant pain and that he ultimately had to have a tooth extracted.

Defendant, United States of America, has moved for summary judgment.  (#17) Mr. Eaton has responded, and the Defendant has replied.  The motion is now ripe for review.

Based on the undisputed evidence presented, the Court recommends that the Defendant's motion for summary judgment (#17) be GRANTED, and that Mr. Eaton's claim be DISMISSED, with prejudice.

### III.   <u>Factual Background</u>:

On October 11, 2011, Mr. Eaton reported to the FCI-FC dental clinic for dental cleaning.  (#18-1 at p.11)  At that time, the dental hygienist took two bitewing x-rays, a panoramic x-ray, and cleaned Mr. Eaton's teeth.  (*Id*.)  Dr. Stewart then conducted a dental examination.

During the dental examination, Dr. Stewart determined that tooth #19 and tooth #31 needed distal occlusal fillings.  (*Id*. at pp.13-14)  Pursuant to BOP policy, Mr. Eaton was placed on the National Routine Restorative list to receive this treatment.

According to BOP policy, federal correctional institutions provide "access to non-emergency dental care for sentenced inmates, as resources of staff, time, and materials are available, and commensurate with the inmate's ability to maintain good oral health."  (*Id*.

at p.31)  Endodontic and restorative treatments, as in Mr. Eaton's case, are identified as

non-emergent care.  (*Id*.)

While housed at the FCI-FC, Mr. Eaton never submitted any sick-call request

complaining of tooth pain; nor did he request any further dental treatment.

In March 2012, Mr. Eaton was transferred to FCI-Otisville.

Nearly a year later, on February 19, 2013, Mr. Eaton underwent a dental

examination at FCI -Otisville and was advised that tooth #31 needed to be extracted.

It is unclear from the record whether Mr. Eaton's tooth has been extracted.

**IV.**   **Discussion:**

**A.**   **Standard**

In a summary judgment, the court rules in favor of a party before trial.  A party is

entitled to summary judgment if the evidence, viewed in the light most favorable to the

party or parties on the other side of the lawsuit, shows that there is no genuine dispute as

to any fact that is important to the outcome of the case.  FED.R.CIV.P. 56; *Celotex Corp.*

*v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.,*

477 U.S. 242, 246, 106 S.Ct. 2505 (1986).

**B.**   **Federal Tort Claims Act**

Mr. Eaton is pursuing his claim under the Federal Tort Claims Act (the "Act").

Under the Act, the law of the state where the alleged tort occurred controls.  *Glorvigen v.*

*Cirrus Design Corp.,* 581 F.3d 737, 743 (8th Cir. 2009).  The parties agree that the

alleged medical negligence in this case occurred in Arkansas.

Mr. Eaton alleges that employees of the FCI–FC negligently failed to treat his dental needs.  When a medical negligence claim involves a medical provider's failure to properly diagnose, assess, and manage care and treatment, the claim falls under Arkansas's Medical Malpractice Act.  *Dodd v. Sparks Regional Medical Center,* 90 Ark. App. 191, 198, 204 S.W.3d 579, 583 (2005).

Under Arkansas law, "when the asserted negligence does not lie within the jury's comprehension as a matter of common knowledge," a plaintiff has the burden of proving, by expert testimony, the applicable standard of care, the defendant's breach, and that defendant's breach proximately caused injury that would not otherwise have occurred. See ARK. CODE ANN. § 16-114-206(a); see also *Broussard v. St. Edward Mercy Health System, Inc*., 2012 Ark. 14, 386 S.W.3d 385 (Ark. 2012) (holding that statute's requirement for expert medical testimony by medical provider in same specialty as defendant to be in violation of separation of powers).

In its motion for summary judgment, the government argues that, because Mr. Eaton has not retained a medical expert, he is not able to meet his burden to prove the three elements.  Although expert testimony is not required when the asserted negligence lies within the jury's comprehension as a matter of common knowledge, here, Mr. Eaton's failure to provide expert testimony is fatal to his claim.

Although it is undisputed that Mr. Eaton did not receive the recommended dental

fillings while he was housed at FCI-FC, it is also undisputed that he was housed at FCI-FC for only six months following the dental examination by Dr. Stewart.  During those six months, Mr. Eaton never reported any dental pain; nor did he submit any sick-call requests regarding his dental needs.  Once transferred, Mr. Eaton was housed at FCI-Otisville for nearly a year before he underwent a comprehensive dental examination.

On February 19, 2013, during Mr. Eaton's dental examination, the dentist determined that tooth #31 had deteriorated further and could no longer be repaired.  He, therefore, recommended extraction.  Following that examination, Mr. Eaton explains, tooth #31 became infected on two occasions and required antibiotic treatment.

Here, Mr. Eaton has failed to come forward with any evidence that any injury he suffered was the result of any deviation of the standard of care by the medical department at FCI-FC.  Mr. Eaton was housed at FCI-FC for just six months following his October 2011 dental examination, and Dr. Stewart placed him on the National Routine Restorative list at that time.  Although Mr. Eaton contends that Dr. Stewart should have performed the necessary dental treatment at the time of his examination, Mr. Eaton has not come forward with any expert testimony to support his beliefs.  Furthermore, because Mr. Eaton was transferred to another Federal Correctional Institution only six months after Dr. Stewart examined him, the Court cannot say that the negligence alleged is a matter within the jury's common knowledge or that any injury suffered was the result of the medical staff at FCI-FC.  As a result, the Defendant is entitled to judgment as a matter of law.

## V.   <u>Conclusion</u>:

The Court recommends that the Defendant's motion for summary judgment (#17)

be GRANTED, and that Mr. Eaton's claim be DISMISSED, with prejudice.

DATED, this 15th day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE