IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

CLIFFORD EATON
Reg. #12878-074                                                                                               PLAINTIFF

v.                          Case No. 2:14-cv-00116-KGB-BD

UNITED STATES OF AMERICA                                                                        DEFENDANT

**ORDER**

The Court has reviewed the Recommended Disposition submitted by United States Magistrate Judge Beth Deere (Dkt. No. 28) recommending that the Court grant the motion for summary judgment filed by defendant United States of America (Dkt. No. 17).  Plaintiff Clifford Eaton has filed an objection to the Recommended Disposition (Dkt. No. 29).

After carefully considering the Recommended Disposition and the timely objections, and making a *de novo* review of the record in this case, the Court adopts the Recommended Disposition.  Mr. Eaton, a Bureau of Prisons ("BOP") inmate proceeding *pro se* under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, alleges that the United States, through its employees at the Federal Correctional Institution - Forrest City Medium ("FCI-FC"), was negligent in providing him dental treatment (Dkt. No. 2).  He alleges that, during the delay in treatment, he continuously suffered significant pain and that he ultimately had to have a tooth extracted.

Although it is undisputed that Mr. Eaton did not receive the recommended dental fillings while he was housed at FCI-FC, it is also undisputed that he was housed at FCI-FC for only six months following the dental examination by Dr. Stewart.  During those six months, Mr. Eaton never reported any dental pain, nor did he submit any sick-call requests regarding his dental

needs. Once transferred, Mr. Eaton was housed at FCI-Otisville for nearly a year before he underwent a comprehensive dental examination.

The United States moves to dismiss and argues that, because Mr. Eaton has not retained a medical expert, he is not able to meet his burden to prove the three elements. Magistrate Judge Deere, in the Recommended Disposition, recommends granting the motion for summary judgment as to Mr. Eaton's claim.

First, this Court notes that Mr. Eaton filed his complaint pursuant to the FTCA. Congress enacted the FTCA as a limited waiver of the sovereign immunity of the United States. *Johnston v. United States*, 85 F.3d 217, 218–19 (5th Cir. 1996) (citing *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979)). Subject to some exceptions, the United States is liable in tort for certain damages caused by the negligence of any employee of the Government "if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Substantive state law determines whether a cause of action exists. *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994) (state law is the source of substantive liability under the FTCA); *Johnston*, 85 F.3d at 219. Therefore, this Court turns to Arkansas law.

Mr. Eaton's claim that he was denied medical care for his dental issue is governed by the Arkansas Medical Malpractice Act. In an action for medical injury, under Arkansas law, a plaintiff must prove the applicable standard of care and a deviation therefrom, unless the asserted negligence is a matter of common knowledge. Ark. Code Ann. §16-114-206(a)(1)-(2). Specifically, the Act states that:

> (a) In any action for medical injury, when the asserted negligence does not lie within the jury's comprehension as a matter of common knowledge, the plaintiff shall have the burden of proving:

>   (1) By means of expert testimony provided only by a medical care provider of the same specialty as the defendant, the degree of skill and learning ordinarily possessed and used by members of the profession of the medical care provider in good standing, engaged in the same type of practice or specialty in the locality in which he or she practices or in a similar locality;
>
>   (2) By means of expert testimony provided only by a medical care provider of the same specialty as the defendant that the medical care provider failed to act in accordance with that standard.

Ark. Code Ann. § 16-114-206(a)(1)-(2). The Arkansas Supreme Court has stated that it is "well settled" that "a plaintiff must present expert testimony when the asserted negligence does not lie within the jury's comprehension as a matter of common knowledge, when the applicable standard of care is not a matter of common knowledge, and when the jury must have the assistance of experts to decide the issue of negligence." *Robson v. Tinnin*, 911 S.W.2d 246, 249 (Ark. 1995). In *Broussard v. St. Edward Mercy Health System, Inc.*, 386 S.W.3d 385 (Ark. 2012), the Arkansas Supreme Court struck down a portion of the Arkansas Medical Malpractice Act requiring that the expert testimony be provided only by a medical care provider of the same specialty as the defendant. The remainder of § 16-114-206(a)(1) and (2) was unaffected and remains controlling law in this case.

When expert testimony is required for proof of a plaintiff's claim for medical malpractice, and the defendant demonstrates the plaintiff's failure to produce the requisite expert testimony, then the defendant has demonstrated that no genuine issues of material fact exist for presentation to a jury, and the defendant is entitled to summary judgment as a matter of law. *Tinnin*, 911 S.W.2d at 250. The Eighth Circuit has applied expert affidavit requirements derived from state law to medical malpractice claims filed under the FTCA. *Bellecourt v. United States*, 994 F.2d 427 (8th Cir. 1993) (affirming dismissal of prisoner's medical malpractice claims filed

under the FTCA because the prisoner failed to present an expert affidavit as required by Minnesota law).

Under Arkansas law, Mr. Eaton's claim that the defendants failed to provide treatment for a dental issue requires expert testimony establishing the standard of care. When confronted by a motion for summary judgment challenging his claim, Mr. Eaton has provided no such expert testimony. This Court is not persuaded by the record evidence, even drawing all reasonable inferences in his favor, that Mr. Eaton's claim survives summary judgment. Mr. Eaton's claim must be dismissed for failure to satisfy the requirements of the Arkansas Medical Malpractice Act.

The Court acknowledges that there is a narrow exception to the necessity of expert testimony—when the asserted negligence lies within the jury's comprehension as a matter of common knowledge. Ark. Code Ann. §16-114-206(a). The necessity of a tooth extraction and the extraction's relation to a delayed dental filling are not matters within the common knowledge of lay jurors. Thus, expert testimony is needed to prove Mr. Eaton's claim in this case.

The Court now turns to Mr. Eaton's claim that the Court, instead of granting summary judgment, should have appointed Mr. Eaton counsel to assist in his securing an expert witness. Mr. Eaton first requested that Judge Deere appoint him counsel to aid in his retention of an expert on July 27, 2015 (Dkt. No. 21). Mr. Eaton contended, in that motion, that in the event an expert was needed, he was entitled to the appointment of an expert by the Court.

This Court notes an Eighth Circuit Court of Appeals case dealing with this issue. *Spann v. Roper,* 453 F.3d 1007 (8th Cir. 2006) (per curiam). In that case, the court reversed a district court's decision to grant summary judgment, absent expert witness testimony by the plaintiff, even though plaintiff had requested the appointment of an expert. *Id.* at 1009. The Eighth

Circuit found it "incongruous that the district court denied Spann's motion for an expert witness and then granted summary judgment in part based on Spann's failure to provide verifying medical evidence that the delay had detrimental effects." *Id.*  In *Spann*, the court did not, however, elaborate on this conclusion, or provide guidance as to when a court should exercise its discretion to appoint an expert on behalf of an indigent inmate, and on what authority to rely in support of such action.

The expenditure of federal money on behalf of an indigent litigant is permitted only when authorized by Congress.  *United States v. MacCollom,* 426 U.S. 317, 321 (1976).  A specific statute addresses the issue of payment of filing fees and costs by indigent inmates and provides for the service of process for witnesses.  28 U.S.C. § 1915(d).  However, that statute does not specifically address the issue of payment of fees and expenses for witnesses.  In *United States v. Means,* the United States Court of Appeals for the Eighth Circuit held that the "plain language, statutory context and legislative history of 28 U.S.C. § 1915 convince us that the statute neither expressly nor implicitly authorizes the payment of the witness fees and expenses as ordered by the district court."  741 F.2d 1053, 1057 (1984).  Other circuits have reached the same conclusion.  *See Boring v. Kozakiewicz,* 833 F.2d 468, 474 (3d Cir. 1987).

Federal Rule of Evidence 706 provides for the appointment of an expert witness, on a party's motion or pursuant to the Court's Order "to aid the Court," and not for the benefit of one of the parties.  *See Hannah v. United States,* 523 F.3d 597, 600 (5th Cir. 2008).  However, in *Means,* the court interpreted Rules 614(a) and 706(b) of the Federal Rules of Evidence, in light of 28 U.S.C. §§ 1920 and 2412, and Federal Rule of Civil Procedure 54(d), to confer discretionary power on the district court to order the government to advance the fees and expenses of the defendants' lay and expert witnesses.  741 F.2d at 1057.  The *Means* court noted

that Rule 54(d) gives courts discretionary power to impose costs set forth in 28 U.S.C. § 1920 that may be taxed in civil cases where the United States is a party, and include expenses for lay and expert witnesses. *Id.*

This Court notes that the facts in this case are different from the facts in *Means*, in that the United States instituted the action against Mr. Means and initially paid the fees and expenses for Mr. Means's pretrial witnesses on several occasions. Yet, at trial, after presenting its case, the United States refused to pay for Mr. Means's trial witnesses. The *Means* court noted that notions of "fairness in interactions between citizens and the government make the exercise of discretion especially appropriate in the present case because the United States is the party responsible for hampering the progress of the ongoing trial." 741 F.2d at 1059. However, the court also stated that "we strongly emphasize that this discretionary power [to appoint experts] is to be exercised only under compelling circumstances." *Id.*

The Court finds Mr. Eaton's case to be distinguishable from the situation in *Spann,* where the appellate court noted that sufficient evidence existed to support a jury's finding of deliberate indifference, based on the seriousness of his condition, the medication overdose, and the amount of time the inmate spent unattended in his cell. In this case, the Court finds that there are no such "compelling circumstances" to support a decision to grant Mr. Eaton's request for a court-appointed expert. *See, e.g., Rueben v. United States*, Case No. 2:13-cv-00033-DPM, 2014 WL 5460574 (E.D. Ark. 2014) (examining when it may be appropriate to grant an indigent inmate plaintiff's request for a court-appointed expert).

Accordingly, this Court dismisses Mr. Eaton's denial of medical treatment claim for the reasons set out in the Recommended Disposition. In addition, the Court grants the motion for summary judgment filed by the United States. Mr. Eaton failed to adhere to the requirements of

Arkansas's Medical Malpractice Act for each of these claims, and the United States is entitled to summary judgment as a result. A Judgment dismissing Mr. Eaton's case will be entered by separate Order.

    So ordered this the 15th day of March, 2016.

*[signature: Kristine G. Baker]*

Kristine G. Baker
United States District Judge
